**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ALPHONSO MONTGOMERY, JR.,**

    **Plaintiff,**

    v.                                                                                          CASE NO. 17-3202-SAC

**TERESA MARKOS, et al.,**

    **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>
<u>**AND ORDER TO SHOW CAUSE**</u>

Plaintiff Alphonso Montgomery, Jr., is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. At the time of filing, Plaintiff was housed at the Norton Correctional Facility in Norton, Kansas. Plaintiff filed an Amended Complaint (Doc. 6) on December 6, 2017.

Plaintiff alleges that on April 9, 2016, charges were filed against him in the Johnson County District Court. On April 11, 2016, bond was set at $25,000. Plaintiff's request for bond modification was denied. On May 27, 2016, Plaintiff's request for bond modification was "denied in part" and was reduced to $15,000 with conditions "house arrest, gps, remote breathe unit." On September 1, 2016, Plaintiff's request for bond modification was denied, and the "state provided evidence on behalf of co-defendants to collect and attempt to collect a debt during the criminal proceedings." On October 5, 2016, Plaintiff's bond modification request was denied with "more testimony regarding the debt on behalf of co-defendants." Plaintiff arranged

to pay the debt and required defendants to put in writing the agreement details regarding the satisfied debt and "direct link to Plaintiff's release from jail." On October 21, 2016, bond modification was granted, reducing bond from $15,000 to $10,000. On November 7, 2016, bond was successfully posted and the debt paid.

Plaintiff alleges in his Amended Complaint that the Defendants conspired together to deprive Plaintiff of his constitutional rights. Plaintiff alleges that Defendants emailed each other in an attempt to act as a "debt collector." Plaintiff alleges that Defendants corresponded outside of court, and improperly used the criminal procedure in an attempt to collect a debt. Plaintiff alleges that, as a result, Plaintiff was denied the due process of a civil procedure to question the validity of the debt. Plaintiff alleges that he was imprisoned as a result of Defendants' requirement that he satisfy the prior debt as a condition of release.

As Count I, Plaintiff alleges conspiracy. Plaintiff alleges "abuse of process with deliberate indifference" as Count II. Plaintiff alleges as Count III, a violation of the Fair Debt Collection Practices Act. Plaintiff names as Defendants: Teresa Markos, Supervisor/Senior Case Manager at Johnson County Department of Corrections Residential Center, sued in her individual and official capacity; Sara L. Walton, Johnson County Assistant District Attorney, sued in her individual capacity; and Johnson County Department of Corrections, also known as Board of County Commissioners of Johnson County, Kansas. Plaintiff seeks a declaratory judgment, punitive damages, compensatory damages, injunctive relief, and the discharge of any remaining debt.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant

3

did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. *Due Process*

Plaintiff alleges that the Defendants conspired to deprive him of due process by conditioning his bond on the payment of a pre-existing debt, thereby taking his property without an opportunity to challenge the prior debt. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if

4

there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).

Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable. In fact, Plaintiff alleges that he initiated a lawsuit in Johnson County District Court based on the same underlying facts, and that judgment was entered in Plaintiff's favor. *See Montgomery v. A-1 Speedy Release*, No. 13SC00381, filed October 8, 2013 (Johnson County District Court, Johnson County, Kansas). Although that case appears to have been filed prior to the events giving rise to Plaintiff's Amended Complaint, Plaintiff suggests that it involved similar facts and therefore shows that a post-deprivation process is available in small claims court. Because an adequate, state post-deprivation remedy exists, Plaintiff must show cause why his claim should not be dismissed for failure to state a claim.

Plaintiff also alleges that he sought injunctive relief from the presiding judge in his criminal proceedings. Because it appears that Plaintiff's criminal proceedings are ongoing, the Court would be required to abstain under *Younger v. Harris*, as set forth below.

### *2. Conspiracy Claim*

Plaintiff's conclusory allegations of a conspiracy are insufficient to state a claim. A conspiracy claim under § 1983 requires the allegation of "specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504,

533 (10th Cir. 1998).  In addition, a plaintiff must allege facts showing an actual deprivation of a constitutional right.  *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (in order to prevail on a section 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right").

Plaintiff's conspiracy claim is subject to dismissal for failure to allege adequate facts to establish the elements of this claim.  As noted, in order to state a claim of conspiracy, a plaintiff must allege facts showing both an agreement and an actual deprivation of a constitutional right.  *See Thompson*, 58 F.3d at 1517.  Plaintiff's Amended Complaint does neither.  Even though Plaintiff's allegations are accepted as true on initial review, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  *Twombly*, 550 U.S. at 555.  Plaintiff's Amended Complaint asserts conclusory and speculative claims of conspiracy with no supporting factual allegations.  Such bald assertions fail to state a viable claim for relief.  *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

### *3. Defendants*

Plaintiff sues Defendant Sara L. Walton, Johnson County Assistant District Attorney, in her individual capacity.  Plaintiff's claims against Defendant Walton fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions brought under 42 U.S.C. § 1983 that are "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.  Plaintiff is directed to show cause why his claims against Defendant Walton should not be dismissed.

*4. Younger Abstention*

The Court may be prohibited from hearing Plaintiff's claims relating to his state criminal case under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

It appears as though the first condition is met. Plaintiff's state court criminal proceedings appear to be ongoing. An online Kansas District Court Records Search indicates that the case is currently on appeal.[1] Plaintiff filed a Notice of Appeal on April 19, 2017, and his motion to withdraw plea was denied on October 27, 2017. The second condition would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as

---

[1] *See State v. Montgomery*, No. 16CR01001, filed April 11, 2016, in Johnson County, Kansas.

well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); s*ee Buck*, 244 F. App'x at 198. "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). In responding to this Memorandum and Order and Order to Show Cause, Plaintiff should clarify whether or not state criminal proceedings are ongoing.

## VI. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper Second Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file a complete and proper Second

---

[2] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (17-3202-

Amended Complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court, and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file a Second Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **May 28, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **May 28, 2018,** in which to file a complete and proper Second Amended Complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 1st day of May, 2018.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**

---

SAC) at the top of the first page of his Second Amended Complaint and he must name every defendant in the caption of the Second Amended Complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.