# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ALPHONSO MONTGOMERY, JR.,**

    **Plaintiff,**

    v.                                            CASE NO. 17-3202-SAC

**TERESA MARKOS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se and in forma pauperis in this prisoner civil rights action. On May 1, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC"), granting Plaintiff until May 28, 2018, in which to show good cause why Plaintiff's Amended Complaint (Doc. 6) should not be dismissed for the reasons stated in the MOSC. The Court also granted Plaintiff until May 28, 2018, in which to file a complete and proper Second Amended Complaint to cure all the deficiencies discussed in the MOSC.

The Court granted Plaintiff several extensions of time to respond to the MOSC. On July 3, 2018, the Court entered an Order (Doc. 15) staying this matter pending a ruling by the Kansas Court of Appeals on Plaintiff's criminal case. The Order also instructed Plaintiff to notify the Court when such a ruling is made to enable to Court to set a new response deadline for the MOSC. Although Plaintiff failed to notify the Court, the Court entered an Order (Doc. 16) on April 5, 2019, noting that the docket of the Kansas Court of Appeals reflects that the court affirmed Plaintiff's sentence on March 22, 2019. *See State v. Montgomery*, No. 118558 (Kan. Ct. App. March 22, 2019). The Court ordered Plaintiff to respond to the MOSC by April 26, 2019. (Doc. 16.)

The Court's Order at Doc. 16 was mailed to Plaintiff at his current address of record and was returned as undeliverable. (Docs. 17, 18.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to respond to the MOSC within the allowed time.

The Court's MOSC found that: deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy and an adequate, state post-deprivation remedy exists; Plaintiff's conclusory allegations of a conspiracy are insufficient to state a claim; Plaintiff's claims against Defendant Walton fail on the ground of prosecutorial immunity; and the Court may be prohibited from hearing Plaintiff's claims relating to his state criminal case under *Younger v. Harris*, 401 U.S. 37, 45 (1971). The Court stayed Plaintiff's claim for monetary damages pending the resolution of the pending criminal charges. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

Plaintiff's conviction has now been affirmed on appeal. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a

collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has failed to allege that his conviction or sentence has been overturned.

Plaintiff has failed to respond to the MOSC within the allowed time. The Court finds that this case should be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 30th day of April, 2019.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**