### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

ALPHONSO MONTGOMERY, JR.,

      Plaintiff,

      v.                              CASE NO.  17-3202-SAC

TERESA MARKOS, et al.,

      Defendants.

### ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this prisoner civil rights action.  On May 1, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC"), granting Plaintiff until May 28, 2018, in which to show good cause why Plaintiff's Amended Complaint (Doc. 6) should not be dismissed for the reasons stated in the MOSC. The Court also granted Plaintiff until May 28, 2018, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed in the MOSC.

The Court granted Plaintiff several extensions of time to respond to the MOSC. On July 3, 2018, the Court entered an Order (Doc. 15) staying this matter pending a ruling by the Kansas Court of Appeals on Plaintiff's criminal case.  On December 13, 2019, the Court entered an Order (Doc. 27), noting that the docket of the Kansas Appellate Courts reflects that Plaintiff's Petition for Review was denied on December 6, 2019.  *See State v. Montgomery*, No. 118558 (Kan. Ct. App. Dec. 6, 2019). The Court therefore ordered Plaintiff to respond to the Court's MOSC at Doc. 8 by January 6, 2020.  The Order provided that "[i]f Plaintiff does not respond within the allowed time, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice."  (Doc. 27, at 2.)

Plaintiff filed a Motion for Extension of Time to File Proper Complaint and or Respond to the Memorandum and Show Cause Order (Doc. 28), seeking an extension of time to February 8, 2020, in which to respond to the MOSC. The Court granted the motion to the extent that the Court granted Plaintiff until Monday, February 10, 2020, to respond to the Court's MOSC at Doc. 8. (Doc. 29.) The Order granting the extension provided that "[i]f Plaintiff does not respond within the allowed time, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice."

The Court held in the MOSC that because an adequate, state post-deprivation remedy exists, Plaintiff must show cause why his claim that he was deprived of property without due process should not be dismissed for failure to state a claim. The Court also held that Plaintiff's conclusory allegations of a conspiracy are insufficient to state a claim. The Court also held that Plaintiff should show good cause why his claims against the County Attorney should not be dismissed based on prosecutorial immunity.

Plaintiff has failed to respond by the deadline and has failed to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC at Doc. 8.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated February 12, 2020, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
